485 A.2d 1006

STATE ROADS COMMISSION OF the STATE
HIGHWAY ADMINISTRATION

v.

Thomas J. TOOMEY.

No. 59, Sept. Term, 1984.

Court of Appeals of Maryland.

Jan. 4, 1985.

Motion for Reconsideration Denied Feb. 7, 1985

Clater W. Smith, Jr., Sp. Counsel, Frederick (Stephen H. Sachs, Atty. Gen., and Nolan H. Rogers, Asst. Atty. Gen., on the brief, Baltimore), for appellant.

John M. Robinson, Frederick, for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

HIGINBOTHOM, Judge.

This case involves the condemnation by the State Roads Commission of a parcel of 7.449 acres in Frederick County. Also condemned were a revertible easement of 0.437 acre, and a temporary easement for a roadway during construction. The land condemned is a portion of a productive orchard comprising 77.709 acres, lying on the westerly side of U.S. Route 15 in Frederick County, partially within the city limits of Thurmont. That portion of the tract acquired by the State included a number of productive apple and peach trees.

At the beginning of the trial, the State filed a motion in limine requesting the trial judge to rule that the only basis for evaluation applicable here was the difference between the fair market value of the tract before November 6, 1980 (the date of the taking) and the fair market value of the tract minus the parcel taken after November 6, 1980 [1], and

---

[1]. It was conceded by the property owner that there was no consequential damage to the remainder of the tract.

that damages could not be separately awarded for the loss of the fruit-bearing trees. The motion specifically requested that any testimony with respect to a separate valuation for the trees be excluded and not permitted in evidence. This motion was granted, and the trial judge sustained objections to all questions concerning the value of the trees taken.

The property owner appealed from the judgment entered upon the jury's inquisition. The Court of Special Appeals, in an unreported opinion, reversed the judgment and remanded the case for a new trial, to permit the property owner to introduce evidence of the extent to which the trees enhanced the value of the property as such. Each party filed a petition for a writ of certiorari, and both petitions were granted.

## Measure of Damages

The damages to be awarded in a condemnation case, and the definition of fair market value, are set forth in Maryland Code (1974)[2], § 12–104(b) and § 12–105(b) of the Real Property Article, as follows:

"§ 12–104. Damages to be awarded.

"(b) Where part of tract taken.—The damages to be awarded where land, or any part of it, is taken is the fair market value of the part taken, but not less than the actual value of the part taken plus any severance or resulting damages to the remaining land by reason of the taking and of future use by the plaintiff of the part taken. The severance or resulting damages shall be diminished to the extent of the value of the special (particular) benefits to the remainder arising from the plaintiff's future use of the part taken."

**2.** In effect at the time of the taking. These sections are unchanged in the 1981 Replacement Volume.

"§ 12–105.   Fair market value;  assessed value.

"(b)  Fair market value.—The fair market value of property in a condemnation proceeding is the price as of the valuation date for the highest and best use of the property which a vendor, willing but not obligated to sell, would accept for the property, and which a purchaser, willing but not obligated to buy, would pay, excluding any increment in value proximately caused by the public project for which the property condemned is needed.  In addition, fair market value includes any amount by which the price reflects a diminution in value occurring between the effective date of legislative authority for the acquisition of the property and the date of actual taking if the trier of facts finds that the diminution in value was proximately caused by the public project for which the property condemned is needed, or by announcements or acts of the plaintiff or its officials concerning the public project, and was beyond the reasonable control of the property owner."

### Valuation of Trees

One of the issues presented is whether the Court of Special Appeals erred in deciding that the property owner could not recover for the loss of the fruit trees, valued separately from the land.  The State contends that this determination correctly applies the existing Maryland law, while the owner argues that he is entitled to recover for the loss of the fruit trees, and their fruit, valued separately from the land taken by the State.

Both parties rely upon the case of *Montgomery County v. Old Farm Swim Club, Inc.*, 270 Md. 708, 313 A.2d 458 (1974).  This Court said in that case:

"In eminent domain proceedings, a landowner cannot, in the usual case, directly recover damages for the loss of trees on the condemned property.  Consideration of the value of the trees must be limited to the extent to which they enhance the value of the property as such, and they may not be valued apart from the value of the land."  *Id.* at 713, 313 A.2d 458.

In a footnote this Court noted that trees constituting nursery stock could be valued separately from the value of the land.

The case of *Smith et ux. v. State Roads Commission of Maryland,* 257 Md. 153, 262 A.2d 533 (1970) involved the condemnation of a tract of land which contained extensive deposits of sand and gravel. In determining the method of evaluating the land, this Court said:

"The meaning which we extract from the cases representing the majority view is that the expert witness may definitely take into consideration as one of the factors in reaching his evaluation of the land as a whole the quantity and quality of the minerals present, and the value which they give to the land considered as a whole. However, in making this appraisal he must not value the minerals separate and apart from the land or aggregate the value of the minerals and the value of the land."

The theory of the owner's case, as expounded by his counsel and as evidenced by the instructions which he offered, was that he was entitled to a valuation of the land, and then to add thereto the value of the trees, and crops. As to the crops, the date of taking was November 6, 1980, and there was no fruit on the trees as of that date. It was further pointed out, at argument, that the owner was able to harvest crops for the years 1981 and 1982, as the land had not been actually taken prior to trial in March 1983.

▇ Future crops are not an element of damages, as the valuation is fixed as of the date of taking. The prospect of future crops may be taken into consideration in establishing the value of the land as of the date of taking. *Board of Education of Montgomery County v. Hughes, et al.,* 271 Md. 335, 317 A.2d 485 (1974).

▇ We hold that the Court of Special Appeals properly determined that the owner was not entitled to a separate valuation or award for the value of the trees, or crops. The value of the trees exists only to the extent that their presence enhances the value of the land. *Montgomery*

*County v. Old Farm Swim Club, Inc.*, supra. The same standard applies to the likelihood of future crops, and there were no crops in existence on the date of taking.

### Decision to Remand

An additional question presented is whether the Court of Special Appeals erred in remanding the case to permit the property owner to introduce evidence of the value of the subject property enhanced by the presence of the fruit trees growing on the parcel. The State contends that the owner was never denied this opportunity at the trial.

As *Montgomery County v. Old Farm Swim Club, Inc.*, supra, specifically held, the owner is not entitled to a separate valuation or award for the value of the trees, but their presence may be taken into consideration to the extent that they enhanced the value of the property as such. The State presented an appraiser who testified on this basis. The property owner offered an appraiser who valued the land only, although he conceded that he was aware of the presence of the trees. The owner then presented the testimony of an orchardist, who attempted to give a separate valuation for the trees, and their fruit or crops. It was this evidence which was rejected by the trial judge.

The owner's appraiser based his valuations on the best use of the land for residential development, with interim use as an orchard. The State's appraiser held that the best use of the land was as a productive orchard.

In the course of discussions on the motion in limine, made orally by the State, the attorney for the State pointed out that "The Montgomery County case holds that the value is limited to the extent which the trees enhance the value of the property. So to that extent they are considered ...". Counsel for the property owner, after other comments, stated with reference to the footnote in *Montgomery County v. Old Farm Swim Club, Inc.*, supra: "It states trees constituting nursery stock may be valued separately from the value of the land and then it cites a New York case that

it relies upon for that proposition involving some pine trees that were planted for nursery purposes."

In response to an inquiry from the Court, "Is that what you're relying on?", counsel replied: "Yes, it is and it is cited within the prayers." The prayer to which reference was made was obviously defendant's prayer for jury instruction No. 11, which stated: "In reaching your determination of just compensation in this case, you are instructed that you are to award a separate amount of money to defendants as a result of the loss of the fruit-bearing trees on the property." This proposed instruction was denied.

During his testimony, the appraiser for the owner expressed his belief as to the method of appraisal as follows: "The purpose of the appraisal was to estimate the value of the land and to consider and show that there was a loss in value from the trees. The combination of the two would, in my opinion, and according to Maryland case law, be the just compensation." Upon motion, the last part of this answer was stricken. Objections were sustained to questions whether the trees had an independent value, and whether the appraiser contributed or incorporated any value to the trees in reaching his report.

When the orchardist, Hepburn, testified, the following colloquy occurred:

"Q. Do you believe that these trees have any value at all?

A. Yes, I do.

Q. What do you believe that value to be?

Counsel for commission: Objection.

The Court: Objection sustained."

An objection was also sustained to the question:

"Q. Do you know what the annual yield would be for an apple tree?"

Counsel then offered no other evidence of valuation, and made no proffer as to what either his appraiser or orchardist was prepared to testify as to the trees.

No question was directed to either witness as to the effect of the presence of the trees in enhancing the value of the real estate. Therefore, there was no specific ruling denying the owner an opportunity to present this evidence. In his discussion on the motion in limine the trial judge recognized this as a proper element of damage, and only forbade the introduction of evidence as to a separate value for the trees, to be added to the value of the land.

The questions to which objections were sustained were directed to the establishment of a separate value for the trees, and their fruit, to be added to the appraisal for the land. No question was directed to the enhanced value of the land because of the presence of the fruit trees.

■ It is apparent from the questions asked, and the instruction sought, that the property owner made no attempt to offer evidence as to the enhanced value of the land because of the presence of the trees. His theory of the measure of damage, as expressed when discussing the motion in limine, and in his requested instructions, was that a separate value should be established for the loss of the fruit trees.

In his motion for a new trial the property owner reiterated his contention that the fruit trees had a value which required a separate and independent evaluation from the acreage. Also, in his cross petition for a writ of certiorari, he again stated that one issue is whether the trial court erred in refusing to permit him to introduce evidence regarding a *separate valuation* (emphasis added) by the jury of the damage suffered as a result of the loss of fruit-bearing trees.

To allow a re-trial to permit the owner to produce evidence of the enhanced value would, in effect, be giving him two opportunities to try his case. He was not barred from presenting such evidence, but failed to do so, because he held a different theory of the measure of damages. Once his theory proves untenable, he should not be allowed a second trial.

We find, therefore, that the Court of Special Appeals erred in deciding to remand the case to permit introduction of evidence of the value of the subject property enhanced by the presence of the fruit trees.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR FREDERICK COUNTY, FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION. TOOMEY TO PAY COSTS.